65 F.3d 171
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Foyce S. WHITNEY, Plaintiff-Appellant,
v.
RICCORDINO REALTY, INC., Defendant-Appellee.
 No. 94-4018.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 22, 1995.*
Decided Aug. 25, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant Foyce S. Whitney filed a complaint against defendant Riccordino Realty, Inc., but failed to allege any basis for the exercise of federal jurisdiction. The district court sua sponte dismissed the complaint for lack of subject matter jurisdiction. Whitney appeals, but fails to articulate any possible basis for the exercise of federal jurisdiction. We have carefully reviewed the record and Whitney's brief in this matter and affirm for the reasons detailed by the district court in its November 17, 1994 Entry, attached hereto.
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 3
 FOYCE S. WHITNEY, Plaintiff,
 
 
 4
 v.
 
 
 5
 RICCORDINO REALTY INC., Defendant.
 
 No. 94 C 6742
 MEMORANDUM OPINION AND ORDER
 
 6
 SHADUR, Senior District Judge.
 
 
 7
 Foyce Whitney ("Whitney") has filed a self-prepared Complaint against Riccordino Realty Inc. ("Riccordino"). Based on its initial review of the Complaint,[1] this Court sua sponte dismisses not only the Complaint but also this action for lack of subject matter jurisdiction.
 
 
 8
 It is of course the responsibility of any party invoking federal jurisdiction to set out affirmatively the allegations that are required to establish the existence of such jurisdiction. Whitney has not even begun to do that, and that deficiency alone would be enough to call for dismissal of this action. To be sure, pleadings by pro se litigants are to be read through a more forgiving lens (Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)). But where as here a complaint contains no glimmering of the necessary allegations, even the most generous reading dictated by Haines will not salvage the lawsuit.
 
 
 9
 There is more. Although the Complaint is not fully informative (to say the least), it does plainly indicate that this is not the first time that Whitney has sought to sue Riccordino. This Court's efforts to inquire along those lines have uncovered Case No. 93 C 3437, also brought by Whitney against Riccordino. And on October 19 of this year our Court of Appeals affirmed the dismissal of that case for lack of subject matter jurisdiction (its Docket No. 93-2838).[2] Thus Whitney is doubly barred from pursuing the present lawsuit--not only on subject matter jurisdictional grounds as such, but also because he cannot launch what amounts to a collateral attack on the dismissal of a case from which he has already taken an unsuccessful appeal.
 
 
 10
 There is thus no way in which Whitney can cure the jurisdictional defects disclosed here. It is regrettable that he has wasted another $120 filing fee, but he must be viewed as having brought that consequence on himself. Both the Complaint and this action are dismissed for lack of subject matter jurisdiction.
 
 
 11
 Date: November 17, 1994.
 
 
 
 *
 After preliminary examination of appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 This Court always undertakes an immediate review of newly-filed complaints; see Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir.1986):
 The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.
 
 
 [2]
 Indeed, because the unpublished Court of Appeals' order of affirmance referred expressly to Whitney's obligation to make the necessary jurisdictional showing (the subject dealt with in the preceding paragraph of the text of this opinion), it is hard to conceive of any justification at all for his total failure to do so (or even to try to do so) in this new lawsuit